

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2004

# Pellegrino Food Prod v. Warren

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Pellegrino Food Prod v. Warren" (2004). *2004 Decisions.* Paper 129.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/129

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1090
_____

PELLEGRINO FOOD PRODUCTS CO., INC.,
a Pennsylvania Corporation; ANTHONY PELLEGRINO, SR.;
ANGELA M. PELLEGRINO; THOMAS PELLEGRINO

v.

CITY OF WARREN;
JOHN R. NEMCOVSKY, Individually and in his official
capacity as Mayor of the City of Warren;
MARY E. CANARRO, Individually and in her official
capacity as council member of the City of Warren;
MARK DANIELSON, Individually and his official
capacity as council member of the City of Warren;
MARK A. PHILLIPS, Individually and his official
capacity as council member of the City of Warren;
MARK ZAVINSKI, Individually and his official
capacity as council member of the City of Warren;
DONALD A. WORLEY, Individually and in his official capacity
as Zoning Officer Community Safety Officer of the City of Warren;
A. KENNETH DUPONT, Individually and in his official
capacity as City Manager of the City of Warren;
RICHARD POORMAN, Individually and his official
capacity as Police Chief of the City of Warren;
SANTO PASCUZZI, Individually and in his official
capacity as the Fire Chief of the City of Warren;
WILLIAM F. MORGAN, ESQ., Individually and in his official
capacity as the Solicitor of the City of Warren;
GEORGE CROZIER, Individually and in his official
capacity as chairman of the Zoning Hearing Board;
RANDY MINEWEASER, Individually and his official
capacity as a member of the Zoning Hearing Board;
DONALD DAVIS, Individually and in his official
capacity as a member of the Zoning Hearing Board;

DAVID SEE, Individually and in his official capacities as
a member of the Planning Commission and as a member of City Council;
JAMES CABBON, Individually and in his official
capacity as a member of the Planning Commission;
SWANSON, BEVEVINO, GILFORD AND STEWART, P.C.,
Individually and in it's capacity as Solicitor of the Planning Commission;
WILLIAM A. BEVEVINO; RITA BEVEVINO;
GLENN M. BELLEAU; MARY BELLEAU;
SHERWOOD N. FLEMING; DOROTHY L. FLEMING; PETER H. SMITH;
MARGERY R. SMITH, Solicitor of the Planning Commission

JOHN R. NEMCOVSKY, A. KENNETH DUPONT,
WILLIAM F. MORGAN, ESQUIRE;
DONALD A. WORLEY and GEORGE W. CROZIER,

Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 00-cv-00153E)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2004

Before: SCIRICA, *Chief Judge*, FISHER and ALDISERT, *Circuit Judges*.

(Filed November 19, 2004 )

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Appellants John R. Nemcovsky, A. Kenneth DuPont, William F. Morgan, Esq.,

Donald A. Worley and George W. Crozier ("City of Warren Officials") appeal from those

portions of two orders of the United States District Court for the Western District of Pennsylvania which denied their motion for summary judgment on qualified immunity grounds. While Appellees Pellegrino Food Products Company, Inc., Anthony Pellegrino, Sr., Angela M. Pellegrino, and Thomas Pellegrino, contend at the outset that this Court lacks appellate jurisdiction, we conclude that jurisdiction does exist. *See Ziccardi v. City of Philadelphia*, 288 F.3d 57, 61 (3d Cir. 2002) ("we possess jurisdiction to review whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right."), *see also Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004). We affirm because our plenary review of the record and application of the summary judgment standard convinces us that summary judgment on qualified immunity could not have been granted at this stage of the proceedings. Appellees have indeed asserted recognized constitutional rights, *see DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 601 (3d Cir. 1995) ("in situations where the governmental decision in question impinges upon a landowner's use and enjoyment of property, a land-owning plaintiff states a substantive due process claim where he or she alleges that the decision limiting the intended land use was arbitrarily or irrationally reached"), abrogated on other grounds, *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392 (3d Cir. 2003); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985) (similarly-situated entities should be treated similarly), but, as the district court correctly determined, there exist disputed issues of material fact, resolution of which will determine

3

whether those rights were actually deprived.  It is not now the court's role to find and interpret these facts.  *See Rivas*, 365 F.3d at 204 (Ambro, J., concurring in part).

The judgment of the district court will be affirmed.

_____